
# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC<br><br>v. | §<br>§<br>§<br>§<br>§ | |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 70.121.19.190 | §<br>§<br>§ | CIVIL NO. 4:22-CV-565-ALM<br>**LEAD CASE** |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 70.119.84.107 | §<br>§<br>§ | CIVIL NO. 4:22-CV-645-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 47.185.150.56 | §<br>§<br>§ | CIVIL NO. 4:22-CV-882-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 47.186.67.45 | §<br>§<br>§ | CIVIL NO. 4:22-CV-884-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 172.124.179.96 | §<br>§<br>§ | CIVIL NO. 4:22-CV-885-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 47.234.195.202 | §<br>§<br>§ | CIVIL NO. 4:22-CV-889-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 72.180.7.87 | §<br>§<br>§ | CIVIL NO. 4:22-CV-890-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 107.138.115.191 | §<br>§<br>§ | CIVIL NO. 4:22-CV-891-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 47.185.236.69 | §<br>§<br>§ | CIVIL NO. 4:22-CV-950-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 104.187.79.193 | §<br>§<br>§ | CIVIL NO. 4:22-CV-951-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 35.146.251.7 | §<br>§<br>§ | CIVIL NO. 4:23-CV-50-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS | §<br>§ | CIVIL NO. 4:23-CV-51-ALM |

| | | |
|---|---|---|
| 47.185.213.202 | § | |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 104.7.155.163 | § § § | CIVIL NO. 4:23-CV-106-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 76.183.183.152 | § § § | CIVIL NO. 4:23-CV-270-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 72.191.15.152 | § § § | CIVIL NO. 4:23-CV-273-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 72.180.24.205 | § § § | CIVIL NO. 4:23-CV-275-ALM |

# MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's various motions styled as Plaintiff's *Ex-Parte* Application for Extension of Time Within Which to Effectuate Service on John Doe Defendant. Having considered the motions and the relevant pleadings, the Court finds that the motions should be **GRANTED.**

## BACKGROUND

Plaintiff Strike 3 Holdings LLC ("Strike 3") owns the copyright for a number of adult films that it distributes via its streaming websites and DVDs. In each of the consolidated cases, Strike 3 alleges that the John Doe Defendants ("John Does") used a BitTorrent protocol to steal Strike 3's work on a "grand scale."[1] Using the protocol, the John Does downloaded Strike 3's films and redistributed those films to others without Strike 3's permission, thereby infringing Strike 3's copyrights. Strike 3 discovered that the various John Does infringed their copyrights by utilizing

---

[1] BitTorrent refers to "[a] proprietary name for: a peer-to-peer file transfer protocol for sharing large amounts of data over the Internet, in which each part of a file downloaded by a user is transferred to other users in turn" or "a software client which transfers files using this protocol." OXFORD ENG. DICTIONARY (3d ed. 2012).

an infringement detection system, which identified the John Does by their IP addresses. However, Strike 3 did not have any other identifying information, including the John Does' names, addresses, or contact information. In order to find out this information, Strike 3 filed motions to serve third-party subpoenas on the internet service providers ("ISPs") for the various John Does. The Court has since granted these motions.

Now, Strike 3 asks the Court to extend the deadlines to effectuate service of process in several of these cases. Strike 3 alleges that the ordinary deadlines have passed, but it needs an extension to serve the John Does because the Court had not yet ruled on Strike 3's motions to serve the ISPs.

**LEGAL STANDARD**

Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process. Under Rule 4(m), a plaintiff must ordinarily serve a defendant within 90 days after filing the complaint. FED. R. CIV. P. 4(m). If the plaintiff fails to do so within the 90-day period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*; *see also Dotson v. Tunica-Biloxi Gaming Comm'n*, 835 F. App'x 710, 713 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2767 (2021).

The plaintiff has the burden to demonstrate good cause. *Dotson*, 835 F. App'x at 713. "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (cleaned up) (citation omitted). "Additionally, some 'showing of good faith on the part of the party

seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Courts also have discretion to extend the time for service even if the plaintiff fails to show good cause. *Dotson*, 835 F. App'x at 713 (citing *Thrasher*, 709 F.3d at 511).

## ANALYSIS

The Court finds that Strike 3 has demonstrated good cause for extending the 90-day period for service of process. Before Strike 3's motions to serve subpoenas were granted, Strike 3 only had the John Does' IP addresses and no other identifying information—making service of process difficult, if not impossible. The Court also did not grant Strike 3's motions until after the normal service-of-process deadline. Therefore, Strike 3's failure to serve the John Does within the 90-day period under Rule 4(m) was justifiable. In addition, Strike 3 still needs time to gather the John Does' information from the relevant ISPs after they respond to the third-party subpoenas. Given the limited information Strike 3 had, as well as Strike 3's need to wait for the ISPs' responses, the Court will extend the deadline for Strike 3 to serve the relevant John Does. *See Malibu Media, LLC v. Doe*, No. SA-19-CV-823-OLG, 2019 WL 13198063, at *3 (W.D. Tex. Oct. 22, 2019) (granting extension of time to serve defendants only known by their IP addresses). The Court grants Strike 3 an additional 60 days to serve the relevant defendants.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's *Ex-Parte* Applications for Extension of Time Within Which To Effectuate Service on John Doe Defendants (Case No. 4:22-cv-882, Dkt. #5); (Case No. 4:22-cv-885, Dkt. #5); (Case No. 4:22-cv-889, Dkt. #5); (Case No. 4:22-cv-890, Dkt. #5); (Case No. 4:22-cv-891, Dkt. #5); (Case No. 4:22-cv-950, Dkt. #5); (Case No. 4:22-cv-

951, Dkt. #5); (Case No. 4:23-cv-50, Dkt. #5), (Case No. 4:23-cv-51, Dkt. #5); and (Case No. 4:23-cv-106, Dkt. #5) are hereby **GRANTED.**

Strike 3 has an additional 60 days from the date of this Order to serve the John Doe Defendants in the above-named cases.

**IT IS SO ORDERED.**

**SIGNED this 12th day of June, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE